IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES MCFARLIN

        Plaintiff,

v.                                                No. 2:19-cv-01106 JAP-GJF

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF ROOSEVELT,

        Defendant.

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER HECK V. HUMPHREY**

COMES NOW Defendant, Board of County Commissioners of the County of Roosevelt (Roosevelt County), by and through Hatcher Law Group, P.A., and for its Motion for Summary Judgment, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), provides this Memorandum Brief.

I.
BACKGROUND AND SUMMARY ARGUMENT

Plaintiff, James McFarlin, filed his Complaint to Recover Damages for Violation of 42 U.S.C. § 1983 of the Civil Rights Act and the New Mexico Tort Claims Act on November 26, 2019 (Doc. 1). This case arises out of a shooting incident occurring on January 15, 2018, involving Roosevelt County Sheriff Malin Parker during a felony pursuit of Plaintiff.  Plaintiff stole a Volvo Wheel Loader L70E and led the Sheriff and his deputies on an approximate twenty minute pursuit in the loader through farmland and local highways, creating risks of serious injury and death to himself, law enforcement, motorists and bystanders.  Sheriff Parker made the decision to use lethal force to stop the pursuit by shooting into the cab of the loader which resulted in shotgun wounds to McFarlin. The Complaint is filed under two counts, one each for battery pursuant to NMSA § 41-4-12 (the New Mexico Tort Claims Act) and the deprivation of civil rights under § 1983. Count

I alleges Sheriff Parker "intentionally shot McFarlin without sufficient provocation or justification while acting in the course and scope of his duties." (Complaint, ¶ 57). Count II alleges, in part, that "Sheriff Parker's decision to shoot Mr. McFarlin was objectively unreasonable, as Mr. McFarlin was not an immediate threat to officers or the public." (Complaint, ¶ 66). Further, "at the time Sheriff Parker deployed lethal force on Mr. McFarlin, he had no reason to believe Mr. McFarlin posed a threat of immediate, serious physical harm to himself or anyone else." *Id.,* ¶ 67. The Complaint grounds the excessive force claim on the objective unreasonableness of the use of lethal force on the part of Sheriff Parker as not justified under the Fourth Amendment. At the time Sheriff Parker made the decision to use a potentially lethal level of force to end the pursuit, Plaintiff was operating the loader in a vacant field, but the loader was heading in the direction of County Road 6, a busy two-lane highway.

For his criminal acts, McFarlin was prosecuted and pled guilty to two fourth degree felonies in the Ninth Judicial District Court, County of Roosevelt, in *State of New Mexico v. James McFarlin*, No.: D-911-CR-2018-00091. McFarlin pled guilty to "unlawful taking of a motor vehicle (first offense), §§ 30-16(D)-1(A)(1) & 31-18-15." Additionally, he pled guilty to "aggravated fleeing a law enforcement officer, § 30-22-1.1." During his plea hearing, McFarlin stated not only did he realize his actions were wrongful, but that he "could have injured the lives of many citizens and police." State District Judge Donna Mowrer made findings at the hearing that McFarlin created a "dangerous and violent situation which was exacerbated by his refusal to obey orders from law enforcement to stop." In his deposition, Plaintiff testified that he understood he was being pursued by law enforcement, that his actions put in danger the lives and safety of himself, law enforcement, and other motorists, and that it was reasonable, under these circumstances, for Sheriff Parker to share the same belief. In other words, Plaintiff agrees that

Sheriff Parker could reasonably conclude that his (Plaintiff's) actions put both law enforcement and the motoring public at a risk of serious injury or death.

Because Plaintiff's conviction to the fourth-degree felony of "aggravated fleeing" is inconsistent with his claims in the present suit that Sheriff Parker utilized unreasonable force, in part, because McFarlin's actions did not pose a threat of immediate or serious physical harm to law enforcement or others, the case of *Heck v. Humphrey* serves to bar not only the § 1983 excessive force claims but also those brought under the State law claim for battery. The Court should dismiss Plaintiff's suit accordingly.

II.
STATEMENT OF UNDISPUTED MATERIAL FACTS

For its statement of undisputed material fact in support of this motion, Roosevelt County states:

1.   McFarlin contends entitlement to a judgment against Roosevelt County on *respondeat superior* grounds pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978) for the wrongful exercise of excessive force by Sheriff Parker because his decision to shoot McFarlin was objectively unreasonable and McFarlin "was not an immediate threat to officers or the public." (Doc. 1; Doc. 14, p. 3 of 19).

2.   McFarlin was criminally prosecuted in the Ninth Judicial District Court in *State of New Mexico v. James McFarlin,* No. D-911-CR-2018-00091 and pled guilty to two fourth-degree felony charges. On November 4, 2020, the Honorable Donna Mowrer, District Court Judge, entered judgment and sentence of no contest to two Counts, specifically, Conviction-Plea, adjudging McFarlin guilty of Count I – Unlawful Taking of a Motor Vehicle (First Offense), § 30-16(D)-1(A)(1) & 31-18-15, and Count II – Aggravated Fleeing a Law Enforcement Officer, § 30-22-1.1. (See Judgment and Sentence, Exhibit "A").

3. During his plea hearing, McFarlin stated he realized his actions were not only wrong but that he "could have injured lives of many citizens and police." (Certified Transcript of Plea and Sentencing before Judge Mowrer on November 4, 2020, pp. 19-21, as Exhibit "B").

4. Judge Mowrer then made findings that McFarlin created a "dangerous environment situation, contrary to how it has been spun, it was a dangerous environment situation that was exacerbated by the fact that Mr. McFarlin did not stop for law enforcement." *Id.*

5. In his deposition, taken August 18, 2021, Plaintiff testified as follows:

A. He knew he was being pursued by law enforcement and that the RSC deputies wanted him to stop. (Exhibit "C," Depo. Plaintiff, McFarlin at pp. 122, 130).

B. He knew that his actions endangered the lives of himself, police, and innocent motorists. (*Id.,* at p. 138).

C. He believes it is reasonable for Sheriff Parker to have also come to the conclusion that Plaintiff's actions put in danger or could have injured innocent citizens. (*Id.*, at pp. 138-140).

D. He plead guilty to two fourth degree felonies, including "aggravated fleeing" voluntarily. (*Id.* at 140).

### III.
### ARGUMENT

A. <u>Summary Judgment Standards.</u>

Fed. R. Civ. P. 56(A) provides that a moving party is entitled to summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment has, as its purpose, the principle of dismissing claims which are factually unsupported as a matter of law and is an integral component of the Rules of Civil Procedure. *Celotex Corp. v. Catrutt,* 477 U.S. 317, 327 (1986). Summary judgment is to be granted unless there is a genuine issue of material fact which, if so, and determined contrary

to the moving party by the factfinder, would support a judgment in favor of the non-moving party. *Ricci v. DeStefano*, 577 U.S. 57, 586 (2009).

      B.      <u>Plaintiff's § 1983 Claims Against Roosevelt County Are Barred Under the Rule of *Heck v. Humphrey.*</u>

The Supreme Court in *Heck* held that § 1983 civil rights suits were generally barred if a judgment in favor of the plaintiff would necessarily imply the invalidity of an underlying criminal conviction. *Id.,* 512 U.S. at 486-87. The question whether a § 1983 claim is consistent with the principles under *Heck* is a threshold issue of law for the Court. *Id*. at 487. (Stating that "The district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence. If it would, the complaint must be dismissed.").

McFarlin pled guilty to an "aggravated fleeing" count pursuant to NMSA § 30-22-1.1. That statute provides the elements of the crime of "aggravated fleeing a law enforcement officer" as follows:

    a.    "Aggravated fleeing a law enforcement officer consists of a person willfully and carelessly driving his vehicle in a manner that endangers the life of another person after being given a visual or audible signal to stop, whether by hand, voice, emergency light, flashing light, siren, or other signal, by a uniformed law enforcement officer in an appropriately marked law enforcement vehicle in pursuit in accordance with the provisions of the Law Enforcement Safe Pursuit Act [29-20-1 NMSA 1978].
    b.    Whoever commits aggravated fleeing a law enforcement officer is guilty of a fourth-degree felony."

The "aggravated fleeing" count requires a finding that the fleeing suspect refused to stop after fleeing a law enforcement officer while operating a vehicle "carelessly … in a manner that endangers the life of another person …". In the present case, not only did McFarlin admit, under oath both at his sentencing hearing and in deposition, that he endangered "the lives of many

5

citizens and police" but Judge Mowrer made findings to that effect at the time of sentencing. Plaintiff also testified that, under the circumstances, it was reasonable for Sheriff Parker to believe that the lives and safety of motorists were in danger as a result of his actions. Contrast these admissions with his allegations in the present case. Plaintiff's Complaint alleges that Parker's decision to exercise lethal force was objectively unreasonable because he (McFarlin) "was not an immediate threat to officers or the public." (Complaint at ¶ 66. See also Doc. 14, p. 3 of 19). In order to prevail in the present suit, Plaintiff must establish that Sheriff Parker had no probable cause to believe, under all material circumstances, that McFarlin's actions did not pose a serious threat of harm to law enforcement or others. *Navarro v. State Dept. of Public Safety,* 2018 U.S.Dist. LEXIS 147839, *14 (DNM), *citing Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008). *See also, Plumhoff v. Rickard,* 572 U.S. 765, 776 (2014) (plaintiff's fleeing of law enforcement creating a "grave public safety risk" to the motoring public allows for the use by law enforcement of lethal force and is not violative of the Fourth Amendment); *Scott v. Harris,* 550 U.S. 372, 386 (2007) (a "police officer's attempt to terminate a dangerous high speed chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death.")

The core inconsistency involving *Heck v. Humphrey* here is McFarlin's plea to a conviction which requires, as a fundamental element, acts which "endanger the life of another person," supported by his admissions that his actions "could have injured the lives of many citizens and police" which are in contrast to his allegations in the present case that Sheriff Parker utilized lethal force which was objectively unreasonable because McFarlin "was not an immediate threat to officers or the public." Courts facing such an inconsistency, specifically in cases asserting § 1983 claims for excessive force following a conviction for "aggravated fleeing," find *Heck* directly

applicable. For example, in *Gordon v. Anundson,* 2014 U.S. Dist. LEXIS 180716 (S.D. Fla.), the court there, under materially similar facts, dismissed plaintiff's § 1983 case pursuant to *Heck*. Plaintiff was found guilty of aggravated fleeing a law enforcement officer under a materially similar Florida criminal statute after leading police units on a pursuit during an attempted traffic stop. Operating an ATV, plaintiff fled from the police after which officers were able to stop him after which he turned to them in an aggressive manner. Police then deployed tasers. *Id.,* *7, *8. Plaintiff was convicted of aggravated fleeing. After suing the officers in a § 1983 action alleging, in part, excessive force pursuant to the Fourth Amendment, the defendant filed a motion to dismiss under *Heck*. The court dismissed the § 1983 suit because the "excessive force claim … is premised upon factual allegations that are inconsistent with the facts upon which his criminal conviction is based, and inconsistent with what the jury must have found in order to convict him." *Id*. at * 16. The court, citing substantial authority on point among the circuits, stated:

> "Plaintiff [in the civil case] effectively denies the conduct that was the alleged basis for his criminal charges, and of which he was convicted. Stated another way, here there is a necessary logical connection between a successful § 1983 suit on plaintiff's excessive force claim and the negation of his underlying conviction for aggravated fleeing and eluding. (Citations omitted). As such, a successful suit by the plaintiff in this case would raise the specter of an 'end-run' around the federal habeas statute and create the problem of two inconsistent judgments arising out of the same facts, and as set forth above, these are precisely the concerns that the *Heck* bar operates to address."

The Tenth Circuit, in *Havens v. Johnson,* 783 F.3d 776 (10th Cir. 2015), discussed the *Heck* doctrine at length in an excessive force § 1983 context. The court stated that claims for excessive force "must be barred in its entirety [where] the theory of the claim is inconsistent with the prior conviction." *Id*., 783 F.3d at 783. There, plaintiff pled guilty to an attempted first-degree assault on a police officer after which he filed a § 1983 suit, claiming the officer used excessive force in

7

the course of an arrest. The court found the guilty plea incompatible with the § 1983 claim in which he took the position he did "nothing wrong and did not attempt to injure [the officer]." *Id.* at 783. The court stated: "Because *Haven's* only theory of relief (in the § 1983 case) is based on his innocence and this theory is barred by *Heck*," summary judgment must be granted to the defense. *Id.* at 784.

The *Heck* decision held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed …" 512 U.S. at 487. Stated another way, where "in order to prevail in this § 1983 action, [plaintiff] would have to negate an element of the offense of which he has been convicted, the civil action must be dismissed." *Id.,* at n. 6. An essential element of the "aggravated fleeing" conviction requires the willful and careless driving of a vehicle "in a manner that endangers the life of another person." In this case, Plaintiff alleges, in support of his assertion that Sheriff Parker acted with objective unreasonableness in using lethal force, in part, that McFarlin's actions posed no immediate danger to either law enforcement or the motoring public. A jury finding in favor of McFarlin's § 1983 suit would be directly contrary to his conviction and his own sworn acknowledgement before Judge Mowrer and under oath in deposition that his actions placed law enforcement and the motoring public in danger of their lives or serious injury.  His § 1983 Complaint should be dismissed.

   C. <u>The State Court Battery Claim Must Be Dismissed Under the *Heck* Principles.</u>

Plaintiff's battery count should likewise be dismissed. Count I, the state law battery claim, arises out of the same sequence of events giving rise to the § 1983 claim. Plaintiff alleges, in Count I, that Sheriff Parker "intentionally shot Mr. McFarlin without sufficient provocation or justification …" (Complaint, ¶ 57). Although *Heck v. Humphrey* was decided in the context of a §

1983 claim, courts interpreting *Heck* in cases joining § 1983 with associated state law claims, such as those for battery, apply the Heck doctrine to dismiss such claims. See *Hainze v. Richards,* 207 F.3d 795, (5th Cir. 2000) (Holding that a § 1983 plaintiff's state law claim for assault and battery were barred by *Heck)*; *O'Neal v. LDC Collection Systems,* 2010 U.S. Dist. LEXIS 142347 (D. Minn.) (Explaining that "the reasoning of *Heck* seems to be fully applicable to state claims as well as federal claims."); *Susag v. City of Lake Forest,* 94 Cal. App. 1401, 1412-13 (Cal. App. 2002) (Holding *Heck* applicable to § 1983 plaintiff's state law claims for assault and false imprisonment).

## IV.
## CONCLUSION

Plaintiff's claims in the present suit can only be successful upon establishing that Sheriff Parker's use of lethal force was objectively unreasonable because he had no reasonable basis to believe that McFarlin posed a danger to himself, law enforcement, and the motoring public. His allegations in this suit that Sheriff Parker had no justification for his actions because there was no immediate threat of harm to law enforcement or the public, is wholly inconsistent with his aggravated fleeing conviction which requires, as an essential element, that his actions endanger the lives of others. The rule in *Heck v. Humphrey* applies directly to this circumstance and Plaintiff's Complaint must be dismissed with prejudice.

    Respectfully submitted,

    HATCHER LAW GROUP, P.A.

    BY:  */s/Scott P. Hatcher*
        Scott P. Hatcher, Esq.
        150 Washington Avenue, Suite 204
        Santa Fe, NM  87501
        (505) 983-6525
        *Attorney for Defendant*

CERTIFICATE OF MAILING

The undersigned hereby certifies he transmitted a true and accurate copy of the foregoing via CM/ECF to:

Joseph P. Kennedy, Esq.
Kennedy, Kennedy and Ives, P.C.
c/o Joseph P. Kennedy, Esq.
1000 2nd Street, NW
Albuquerque, NM 87102

on this 1st day of September 2021.

     */s/Scott P. Hatcher*
Scott P. Hatcher