**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

James McFarlin,

     Plaintiff,

v.

                                    Civ. No. 2:19-cv-01106 MIS/GJF

Board of County Commissioners
of the County of Roosevelt,

     Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment Under *Heck v. Humphrey*. ECF No. 51. In response to Defendant's Motion, Plaintiff filed a Motion for Discovery Under Fed. R. Civ. P. 56(d). ECF No. 58. Defendant responded to Plaintiff's Motion, and Plaintiff filed a reply. ECF Nos. 61, 68. Having considered the parties' submissions, the record, and the relevant law, the Court will deny both Motions. Defendant has not shown that it is entitled to judgment as a matter of law,[1] so its Motion for Summary Judgment will be denied. Moreover, the discovery Plaintiff seeks would not help the Court decide Defendant's Motion; thus, Plaintiff's Motion will be denied as moot.

### BACKGROUND

This lawsuit arises from events that occurred on January 15, 2018. ECF No. 51-2 at 2. On that day, law enforcement pursued Plaintiff while he attempted to evade them by driving away on his tractor, first on a road and then in a field. ECF No. 51-3 at 2, 4. While

---

[1] Although Plaintiff did not file a brief in response, directly opposing the motion, Plaintiff's full response is not needed for the Court to rule on the Motion. *See Hall v. City & Cnty. of Denver*, 200 F. App'x 754, 758 (10th Cir. 2006). Plaintiff suffers no prejudice by the Court's ruling in his favor on Defendant's Motion for Summary Judgment.

he was in the field, the sheriff fired a shotgun at the tractor to end the chase, hitting Plaintiff in the head as a result. *Id.* at 2, 5. On November 26, 2019, Plaintiff filed the present lawsuit, alleging a § 1983 excessive-force claim and a claim for battery under the New Mexico Tort Claims Act. ECF No. 1. On November 4, 2020, Plaintiff pleaded no contest to "aggravated fleeing a law enforcement officer," N.M. Stat. Ann. § 30-22-1.1 (1978). ECF No. 51-1 at 1.

Defendant now moves for summary judgment claiming that it is entitled to judgment as a matter of law because if Plaintiff prevailed in this civil case, his conviction would necessarily be called into question, which violates Supreme Court precedent established in *Heck v. Humphrey*, 512 U.S. 477 (1994). In support of its Motion, Defendant provided the Court with the Judgment and Sentence filed in state court, ECF No. 51-1, an excerpt from the transcript of the sentencing proceedings, ECF No. 51-2, and an excerpt from Plaintiff's deposition in this civil case, ECF No. 51-3.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has held that when a § 1983 plaintiff brings a claim that collaterally challenges an underlying conviction, the "court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If it would, the plaintiff's claims are not cognizable unless the underlying conviction has been undone in some way.[2] *Id.*

---

[2] Specifically, if it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 485.

at 486–87. "To determine the effect of *Heck* on an excessive-force claim, the court must compare the plaintiff's allegations to the offense he committed." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). In other words, the court must compare the conviction, and the underlying factual basis for the conviction, to the plaintiff's allegations. *See id.* at 782–84. If the plaintiff could prevail under any theory of the case that would not necessarily invalidate his conviction, the case should be allowed to proceed. *Heck*, 512 U.S. at 487. Moreover, it is entirely possible that some factual allegations may be barred by *Heck* while others are not. *See Hooks v. Atoki*, 983 F.3d 1193, 1201 (10th Cir. 2020) (allowing the plaintiff's claims to proceed based on two alleged uses of force but finding that *Heck* barred claims on four other alleged uses of force); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999) (explaining that the district court should provide jury instructions to ensure the jury does not make any assumptions or findings that would be barred by *Heck*).

## DISCUSSION

To conduct its analysis under *Heck*, the Court will compare Plaintiff's conviction with his allegations in the Complaint. In so doing, the Court will find that (1) the elements of the underlying crime are not inherently inconsistent with Plaintiff's claims in this case, and (2) Defendant has not presented any evidence regarding the factual basis of the conviction to support a contrary finding. Thus, because Plaintiff can prevail on his claims without necessarily calling his conviction into question, the case will be allowed to proceed.

### 1. The Conviction

Plaintiff pleaded no contest to, and was convicted of, "aggravated fleeing a law enforcement officer," N.M. Stat. Ann. § 30-22-1.1 (1978). *See* ECF No. 51-1 at 1. The state statute defines the crime as follows:

> Aggravated fleeing a law enforcement officer consists of a person willfully and carelessly driving his vehicle in a manner that endangers the life of another person after being given a visual or audible signal to stop . . . by a uniformed law enforcement officer . . . .

§ 30-22-1.1. In making its arguments, Defendant focuses the Court's attention on the element "willfully and carelessly driving his vehicle in a manner that endangers the life of another person." ECF No. 51 at 4–6, 8. Thus, the Court will compare said element of the underlying conviction to Plaintiff's claims in this civil case.

### 2. Plaintiff's Factual Allegations and Legal Claims

In relevant part, Plaintiff alleges that (1) police received a call that he was driving a tractor on a residential street and ramming it into his own vehicle; (2) deputies arrived and tried to speak with Plaintiff but he drove away; (3) eventually four officers arrived on the scene, including the County Sheriff; (4) Plaintiff drove the tractor approximately 25 miles per hour on the street as he drove away from the officers; (5) Plaintiff drove the tractor into a vacant field and drove it in circles in the field at approximately 5-10 miles per hour; (6) the officers engaged in some debate about the best way to get Plaintiff to stop the tractor; (7) after failing to stop the tractor by shooting at its tires, the sheriff fired "several shotgun rounds of buckshot" at Plaintiff; (8) the tractor stopped when Plaintiff was too injured to drive it further; (9) Plaintiff is permanently disabled; (10) "[a]t the time of the shooting [Plaintiff] was not an immediate threat to officers or the public";

4

(11) Plaintiff was unarmed; (12) Plaintiff had both hands on the steering wheel at the time of the shooting. ECF No. 1 at 2–5.

In his § 1983 claim, Plaintiff alleges that (1) the sheriff was acting under color of law; (2) Plaintiff has a constitutional right to be free from excessive force; (3) the sheriff's decision to use deadly force was "objectively unreasonable" because Plaintiff "was *not an immediate threat* to officers or the public"; (4) *at the time the sheriff used deadly force*, the sheriff had no reason to believe that Plaintiff was an immediate threat to others; (5) the sheriff's actions were not constitutionally justified; (6) the sheriff's intentional actions deprived Plaintiff of his constitutional right to be free from excessive force; (7) the County is liable because the sheriff was functioning as a policymaker for the County; (8) Plaintiff suffered damages as a result of the sheriff's actions; and (9) the sheriff acted with reckless indifference when he used deadly force on Plaintiff, such that punitive damages are warranted. ECF No. 1 at 7–8 (emphasis added).

In his battery claim, Plaintiff alleges that (1) the sheriff intentionally shot Plaintiff "without sufficient provocation or justification"; (2) the shot "caused an offensive contact" with Plaintiff; (3) the sheriff's actions amount to a battery under New Mexico law; (4) the County is responsible for the sheriff's actions under the doctrine of *respondeat superior*; and (5) Plaintiff suffered damages. ECF No. 1 at 6–7.

### 3.  Plaintiff's § 1983 Claim

Assuming that Plaintiff prevails on his § 1983 claim based on the factual allegations and legal assertions outlined above, no part of his conviction is necessarily invalidated. In a Fourth Amendment excessive-force claim, "the question is whether the [sheriff's] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting

[him]." *Graham v. Connor*, 490 U.S. 386, 397 (1989). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an *immediate* threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (emphasis added). In *Havens*, the Tenth Circuit compared an excessive-force claim to the plaintiff's conviction for assaulting an officer. *Havens*, 783 F.3d at 782. The court stated that "[a]n excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer. For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Id.*

Defendant argues that because Plaintiff was convicted of "willfully and carelessly driving his vehicle in a manner that endangers the life of another person," he cannot prevail in this civil case without violating the principles of *Heck*. *See* ECF No. 51 at 5–6 (citing § 30-22-1.1). Yet, Plaintiff's § 1983 claim, and his factual allegations that support it, focus on the *immediacy* of the threat he posed to others *at the time* of the shooting. Thus, just as Mr. Havens' excessive-force claim was not necessarily inconsistent with his conviction for assaulting an officer, so Plaintiff's excessive-force claim is not necessarily inconsistent with his conviction for aggravated fleeing, if he "endanger[ed] the life of another person" while on the road but not while in the vacant field.

### 4. Plaintiff's Battery Claim

Similarly, assuming that Plaintiff prevails on his battery claim based on the factual allegations and legal assertions outlined above, no part of his conviction is necessarily invalidated. In a claim for battery under the New Mexico Tort Claims Act, "[a]n actor is

subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with [another person] . . . and (b) an offensive contact . . . results." *O'Farrell v. Bd. of Comm'rs*, 455 F. Supp. 3d 1172, 1211 (D.N.M. 2020) (quoting Restatement (Second) of Torts § 18). Moreover, "[a]n officer can be held liable for assault and battery if he uses excessive force." *Id.* at 1212 (internal quotation marks omitted).

Defendant provides no specific argument as to why Plaintiff's battery claim cannot survive *Heck*. *See* ECF No. 51 at 8–9. Rather, Defendant argues that because *Heck* bars Plaintiff's § 1983 claim, it also bars his battery claim. *Id.* Yet here again, Plaintiff's battery claim focuses on the immediacy of the threat he posed to others at the time of the shooting. Thus, his claim for battery is not necessarily inconsistent with his criminal conviction, if he "endanger[ed] the life of another person" while on the road but not while in the vacant field.

### 5. Factual Basis of the Conviction

As directed by the caselaw, *see Havens*, 783 F.3d at 782–84, the Court now turns to the factual basis for Plaintiff's conviction. From the record before it, the Court cannot ascertain the precise factual basis that undergirds Plaintiff's criminal conviction.[3] Although Defendant has provided the Court with a plethora of details regarding the events that led to Plaintiff's conviction, none of those details include the relevant portions of the plea hearing or the plea agreement.[4] *See* ECF No. 51. Without providing the concise

---

[3] Defendant provided a four-page excerpt of the transcript from Plaintiff's sentencing hearing in state court. ECF No. 51-2. The excerpt only includes the sentencing portion of the hearing and does not include any testimony regarding Plaintiff's conviction. *See id.* Thus, the excerpt does not help the Court determine the precise factual basis of Plaintiff's criminal conviction.

[4] In response, Plaintiff has requested to conduct Rule 56(d) discovery in an effort to provide additional details that support his theory of the case. ECF No. 58. However, none of the details Plaintiff

factual basis for Plaintiff's conviction in state court, Defendant has not presented any evidence to support a finding that *Heck* bars Plaintiff's claims because of the factual basis of Plaintiff's conviction. *See Havens*, 783 F.3d at 782–84 (analyzing the plaintiff's claims under *Heck* by comparing the plaintiff's guilty plea, the allegations in the complaint, and the factual basis for the guilty plea as stated at the plaintiff's plea hearing). Thus, Defendant as the movant has not shown that there is "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Defendant has not carried its burden to show that it is entitled to summary judgment, and no additional discovery is needed before the Court can rule on the Motion.[5]

To be sure, if the factual basis of Plaintiff's conviction was something like "when I was in the field right before I was shot, I was an immediate threat to officers or the public," then *Heck* would likely bar Plaintiff's claims. However, Defendant has provided no evidence to establish that such was the factual basis of the plea. Conversely, if the factual basis was less precise, like "I was a threat to others that day," or referred to another part

---

seeks would be helpful to the Court in deciding Defendant's Motion. Therefore, Plaintiff's Motion for Rule 56(d) Discovery will be denied.

[5] Defendant asserts that Plaintiff "stated [that] not only did he realize his actions were wrongful, but that he 'could have injured the lives of many citizens and police.'" ECF No. 51 at 2. Although Defendant provided no citation to Plaintiff's statement, Defendant appears to be referencing Plaintiff's statement during a state court hearing. *See* ECF No. 51-2 at 4. This statement does not necessarily weigh in favor of Defendant for the purposes of this Motion. First, Plaintiff made the statement during the sentencing hearing. *See id.* Thus, the statement is not part of the precise factual basis on which his conviction was based and has little value in the Court's *Heck* analysis. (And it remains unclear to the Court why Defendant chose to include the transcript of the sentencing portion of the hearing but not the plea portion.)

Second, even if the statement was part of the factual basis for Plaintiff's conviction, the statement would not necessarily bar his claims under *Heck*. For example, what actions, specifically, did Plaintiff admit were wrong and could have injured others? His driving on the road? *See* ECF No. 1 at 2–3, ¶¶ 5–12. Or, when he was doing donuts in the field? *See id.* at 3, ¶¶ 13–15. Or, when he was apparently using the tractor to destroy his own vehicle? *See id.* at 2, ¶ 3. Thus, even if Plaintiff's statement was made as the basis for the conviction, it would not necessarily bar his claims under *Heck*, if the statement applied to a time before the force was used.

of Plaintiff's actions, like "when I was operating the tractor on a populated road, I was a threat to others," then *Heck* would not bar Plaintiff's claims. Defendant's arguments that Plaintiff's claims are barred, *see* ECF No. 51, require information on the factual basis of the no contest plea, yet Defendant has not provided such information to the Court.[6]

During his deposition in this case, Plaintiff himself articulated a viable case theory consistent with his no contest plea. When asked if he agreed that his actions could have injured others, Plaintiff responded, "I don't think so in the middle of a field." ECF No. 51-3 at 4. The transcript of the deposition makes clear that Plaintiff realizes that he could have been "fleeing a law enforcement officer" and driving his tractor "in a manner that endangers the life of another person," *see* § 30-22-1.1, when he was on the road but not later when he was shot by law enforcement in a field. Thus, the Court has "identified one theory that would interfere with [Plaintiff's] no contest plea and one that would not." *See Hooks*, 983 F.3d at 1202.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment Under *Heck v. Humphrey*, ECF No. 51, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery Under Fed. R. Civ. P. 56(d), ECF No. 58, is **DENIED** as moot.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[6] Moreover, Defendant argues that Plaintiff was driving the tractor "in the direction of County Road 6, a busy two-lane highway." ECF No. 51 at 2. Yet again, Defendant did not provide evidence to show that such was the factual basis of Plaintiff's plea.