IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

James McFarlin,

    Plaintiff,

v.                                                     Civ. No. 2:19-cv-01106 MIS/GJF

Board of County Commissioners
of the County of Roosevelt,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Bifurcate Plaintiff's Claims, ECF No. 52, filed on September 14, 2021. Plaintiff responded on October 19, 2021. ECF No. 62. Defendant replied on October 29, 2021. ECF No. 69. Having considered the parties' submissions, the record, and the relevant law, the Court will deny the Motion.

## BACKGROUND

In his Complaint, Plaintiff brings a § 1983 excessive force claim and a claim for battery under the New Mexico Tort Claims Act. Defendant moves the Court to bifurcate the trial into three phases—one phase for the reasonableness portion of Plaintiff's excessive force claim; one phase for the *Monell* liability determination; and one phase exclusively for damages. Plaintiff opposes the Motion.

## LEGAL STANDARD

A court "may order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 42(b) gives district courts "broad discretion" to bifurcate issues for trial. *Easton v.*

*City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). "The moving party must demonstrate the need for a separate trial, as a single trial normally lessens the expense and inconvenience of litigation." *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1285 (D.N.M. 2016); *see also* Fed. R. Civ. P. 42 advisory committee's note to 1966 amendments ("[S]eparation of issues for trial is not to be routinely ordered[.]"). The Court's decision "must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party[.]" *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996).

## DISCUSSION

Defendant contends that the trial in this case should be conducted in three phases. ECF No. 52. Defendant asserts that phase one should focus exclusively on whether the sheriff's use of deadly force was reasonable. *Id.* at 2. If the jury concludes that the force used was reasonable, then the Court has saved time because the trial need proceed no further. *Id.* If the jury concludes the force was not reasonable, then the trial would proceed to phase two to focus exclusively on the *Monell* claim. *Id.* If the jury concludes that Defendant is not liable for the sheriff's actions under *Monell*, then the Court has saved time because the trial need not proceed any further. *Id.* Only if the jury finds for Plaintiff on both liability questions would the trial proceed to the damages portion. *Id.* Defendant contends that it will be prejudiced if damages evidence is submitted to the jury before liability has been determined. *Id.*

Plaintiff opposes the "trifurcation" of trial. ECF No. 62. Plaintiff argues that Defendant has failed to discuss "the evidence required for each proposed phase of trial" because the parties have not yet completed discovery. *Id.* at 1. He further argues that jury

instructions can remedy Defendant's concerns without the need for separate deliberations and that he will suffer prejudice if the jury cannot see the consequences of the force used against him. *Id.* Plaintiff also states that "the testimony related to the injury need not be overly extensive or duplicative" and that the "medical testimony need not dominate the trial." *Id.* at 4. Finally, Plaintiff argues that his *Monell* claims will not require a significant amount of time because the theory of liability rests solely on the fact that the sheriff was the policy maker for the County. *Id.* at 2, 4–5.

      The Court agrees with Plaintiff. Under the circumstances of the present case, the Court does not find that separate phases as to liability (reasonableness and *Monell*) and damages will prevent delay or prejudice, nor does it find that separate phases would be conducive to the convenience or economy of the Court. The issues that would be before a jury at trial do not require division in order to achieve judicial economy, convenience to the parties, expedition, or avoidance of prejudice and confusion. Rather, after reviewing the arguments of the parties, the Court finds that allowing the matters to proceed together is more appropriate. The jury will be required to address first liability and then damages. The Court will provide jury instructions that will clarify the order in which the jury is to consider the issues. Any confusion to the jury can be remedied with the use of limiting instructions, special verdict forms, or other instructions. Put simply, the Court, in its broad discretion, does not find that trifurcating the trial would further the goals of convenience, avoiding undue prejudice, or expediting and economizing the proceedings in this case. *See* Fed. R. Civ. P. 42(b).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate Plaintiff's Claims, ECF No. 52, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE