UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES MCFARLIN,

    Plaintiff,

v.                                                                   Civ. No. 19-1106 MIS/GJF

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF ROOSEVELT,

    Defendant.

**ORDER SETTING SETTLEMENT CONFERENCE**

**IT IS ORDERED** that **all parties and their lead trial counsel** shall appear before me at the United States Courthouse, 500 N. Richardson, Roswell, New Mexico, on **February 4, 2022, at 10:00 a.m.** to participate in a settlement conference pursuant Federal Rule of Civil Procedure 16(a)(5).[1] An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement.[2] This requirement cannot be satisfied by sending a local representative if the appropriate representative resides in another state. Nor can it be satisfied by sending a corporate representative who must still seek final authority from other corporate personnel not physically present at the conference. *See* D.N.M.LR-Civ. 16.2(c).

      A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the

---

[1] As this settlement conference is an official court proceeding, it should go without saying that neither counsel nor client(s) nor corporate representative(s) should make arrangements that require them to leave the settlement conference until *after* the Court declares the settlement conference is at an end.

[2] A government agency satisfies this requirement if its representative in attendance has, to the greatest extent feasible, authority to settle, and is knowledgeable about the facts of the case, the government agency's position, and the procedures and policies under which the agency decides whether to accept proposed settlements.

ability to explore options for settlement.[3] A party's request to be excused must be made in writing **five (5) calendar days** before the conference.  See D.N.M.LR-Civ. 16.2(d).[4]

**By January 19, 2022**, plaintiff's[5] counsel shall send defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will establish liability; (b) a brief explanation of why damages or other relief would be granted at trial; (c) an itemization of any claimed damages, including any special damages - i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages - in the exact dollar amount plaintiff is claiming for each category; and (d) a settlement demand.

**By January 26, 2022**, defense counsel shall send plaintiff's counsel a letter setting forth at least the following information: (a) any points in plaintiff's letter with which the defense agrees; (b) any points in plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.  **If a release or a settlement agreement is contemplated, defense counsel shall include a proposed form of release with the counteroffer.**[6]  If defendant disagrees with the amount of special damages plaintiff has claimed, defendant's counteroffer must state the dollar amount defendant believes to be correct for each category.  For example, if plaintiff claims $1,000 in past medical expenses, and defendant believes

---

[3] Should a party require language translation or interpreting services, such services must be provided by the party and/or counsel at their expense.  Such services are not provided by the Court in civil cases.

[4] Counsel must also confer to identify any nonparties who have an interest in the case, including but not limited to primary and excess liability insurance carriers, subrogees, and lienholders.  Counsel must then provide written notice (with a copy to the Court) to all such interested nonparties informing them of the date, time, and location of the settlement conference, and that their participation is strongly encouraged.

[5] The words "plaintiff" and "defendant" include the plural form of the words if the case involves multiple plaintiffs and/or defendants.  The attorney for each plaintiff and defendant must comply with the terms of this order.  If an attorney represents more than one plaintiff or defendant, the attorney must comply with the terms of this order with respect to each of his/her clients.

[6] If there are disputes about the language of the release or the settlement agreement, the parties are ordered to alert the Court to the disputes in their confidential letters that are described *infra*.

the correct amount of past medical expenses is $500, defendant's letter must clearly state that plaintiff's past medical expenses amount to $500.  It is insufficient to merely say, "defendant disagrees that plaintiff has $1,000 in past medical expenses."

These letters typically should not exceed five (5) pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference.  If settlement authority for defendant is provided by a committee, **defendant must ensure that the committee reviews plaintiff's letter before finalizing settlement authority**.  Those attending the conference or reviewing the letters exchanged must treat as confidential the information discussed and offers made by other participants before and during the conference.[7]

**By January 27, 2022**, plaintiff's counsel shall provide me copies of the letters exchanged between the parties.  In addition, each party must provide me, in confidence, a letter (typically no more than five (5) pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths and weaknesses of the case; status of discovery; an itemization of damages or relief requested; status of settlement negotiations to date; and the names of those who will attend the conference and in what capacity.  This confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  Once I read the letters provided, I likely will have *ex parte* pre-settlement telephone conferences with counsel to obtain additional information to assist my efforts to facilitate settlement.

Furthermore, if any party has any recordings of the incident on which this action is based, that party must send me a copy of the recording no later than **January 27, 2022**.  Parties should

---

[7] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

also consider sending copies of any other materials that can enhance my preparation, including photographic or documentary evidence, discovery responses, or deposition excerpts. The parties shall submit these letters and materials to me, preferably by e-mail, (fourattproposedtext@nmd.uscourts.gov), or by mail, as long as the materials arrive in my chambers by the above deadline.[8] It is not necessary to send an original if a document is sent by e-mail.

Confidentiality is essential to the settlement negotiation process. To that end, counsel, the parties, and any other persons who attend the settlement conference must treat as confidential information: (1) the contents of all settlement offer and demand letters exchanged between the parties; (2) anything written or said during the settlement conference; and (3) any position taken by the parties during the settlement conference, including any view of the merits of the case formed by any participant. Such confidential information must not be disclosed to anyone not involved in the settlement negotiation process, including the presiding judge. Further, such confidential information shall not be discoverable, subject to compulsory process, or used for any purpose outside of limited exceptions, which are enumerated below.

Exceptions to the bar on disclosure of confidential information include: (1) disclosures to which all parties have stipulated; (2) disclosure of an agreement, by all parties to the agreement, which appears to constitute a settlement contract, if necessary in proceedings to determine the existence of a binding settlement contract; (3) disclosures necessary to determine whether a participant in the settlement conference violated the Local or Federal Rules or the terms of this or

---

[8] Although the Court can accept certain materials sent through certain file-sharing website, the Court will not use websites that require it to register or create an account in order to access the files. Thus, if a party's preferred file-sharing website requires users to register or create accounts, then any digital files that are too large for that party to send by email must be mailed to the Court.

any other Court Order; (4) disclosures made to personnel of the Court who are authorized to make appropriate requests for information regarding the settlement conference; or (5) disclosures as are otherwise required by law. Finally, confidential information may be disclosed pursuant to a determination by a court that such disclosure is necessary to (a) prevent manifest injustice, (b) help establish a violation of law or ethical violation, or (c) prevent harm to the public health or safety, of such magnitude in the particular case as to outweigh the countervailing interest in maintaining the integrity of dispute resolution proceedings by assuring that settlement-related communications remain confidential.

As the settlement conference approaches, if any party believes for any reason that negotiation attempts would not be fruitful at the time set for the conference (for example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact my chambers to schedule a status conference to discuss the concern.

**IN SUMMARY:**

| | |
|---|---|
| **Plaintiff's letter due to defendant:** | **January 19, 2022** |
| **Defendant's letter due to plaintiff:** | **January 26, 2022** |
| **All letters (and other materials) due to Court:** | **January 27, 2022**[9] |

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[9] A $100 fine for each day a party misses any of the above deadlines may be assessed unless a request for an extension is approved by the Court.